IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DION MATA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:16-cr-00010-DN<br><br>District Judge David Nuffer |

Defendant Dion Mata seeks compassionate release ("Motion") based on his health, rehabilitation, and the threat caused by the COVID-19 pandemic.[1] The government and the United States Probation Office oppose Mr. Mata's Motion.[2] Because Mr. Mata fails to demonstrate extraordinary and compelling reasons to warrant compassionate release, and because jurisdiction is lacking over his request for home confinement, his Motion[3] is DENIED.

## DISCUSSION

### Mr. Mata's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Defendant's Motion for Compassionate Release ("Motion"), docket no. 99, filed Mar. 25, 2021.

[2] United States' Opposition to Defendant's Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 102, filed Apr. 23, 2021; First Step Act Relief Recommendation ("Recommendation"), docket no. 101-3, filed under seal Apr. 6, 2021.

[3] Docket no. 99, filed Mar. 25, 2021.

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Mr. Mata submitted a request for relief under the First Step Act to the warden at USP Victorville on September 28, 2020.[6] He did not receive a response to the request.[7] And he filed his Motion approximately six months later on March 25, 2021.[8] Therefore, Mr. Mata's Motion is procedurally proper, and its merits may be addressed.[9]

## Mr. Mata is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[10]

**Mr. Mata fails to demonstrate extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[11] However, this

---

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] Motion at 3; Request for Administrative Remedy, docket no. 99-1, filed Mar. 25, 2021.

[7] Motion at 3.

[8] *Id*.

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[11] *Id*. at 832.

discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[12]

Mr. Mata argues that his health, rehabilitation, and the threat caused by the COVID-19 pandemic, constitute extraordinary and compelling reasons to warrant compassionate release.[13] Mr. Mata's argument lacks merit. Whether considered individually or collectively, Mr. Mata's circumstances do not constitute extraordinary and compelling reasons to warrant compassionate release.

Mr. Mata is 57 years old and suffers from diabetes (insulin-dependent), neuropathy, hyperlipidemia, hypertension, and major depressive disorder.[14]. And he asserts that he is not receiving adequate care for his conditions at USP Victorville.[15] However, Mr. Mata's BOP Medical Records reflect that he regularly and consistently receives treatment and medication for his conditions.[16] He is generally seen by a certified physician's assistant, who is supervised by a medical doctor,[17] and has been evaluated by a physician three times over the past year.[18] Mr. Mata also concedes that his conditions do not rise to the level of imminent death, and his condition do not prevent him self-care while in prison.[19] On this record, Mr. Mata's health does not constitute an extraordinary and compelling reason to warrant compassionate release.

---

[12] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Mr. Mata's Motion. *Maumau*, 993 F.3d at 837.

[13] Motion at 3-14.

[14] *Id*. at 3; BOP Medical Records, docket no. 103-1, filed under seal Apr. 23. 2021.

[15] Motion at 4.

[16] BOP Medical Records.

[17] *Id*.

[18] *Id*. at 76, 117, 136.

[19] Motion at 13.

Mr. Mata next argues that he has been rehabilitated.[20] But the entirety of his support of this argument is one conclusory sentence: "In [my] waning years, [I] ha[ve] certainly gained perspective into [my] thinking errors and behavior."[21] This assertion is not supported by the record.

Mr. Mata acknowledges, he has a serious criminal history spanning throughout his lifetime, including violent crimes and substance abuse, and he has not taken advantage of opportunities to change course in the past.[22] He has served approximately 52 months (~44%) of his 120-month prison sentence, as of the filing of his Motion.[23] While serving his sentence, Mr. Mata has had a disciplinary infraction for "Giving/Accepting Money without Authorization,"[24] and has participated in "English, Algebra Reading Book Club, Exploring Asia, Anger Management, and Life Science classes."[25] He has also been a "unit orderly" on two occasions, but has not been assigned a job since December 11, 2019.[26] Mr. Mata's attendance of classes is commendable. But this record does not demonstrate that he is rehabilitated. Therefore, Mr. Mata's rehabilitation does not constitute an extraordinary and compelling reason to warrant compassionate release.

---

[20] *Id*. at 4.

[21] *Id*.

[22] *Id*.

[23] Recommendation; First Set Act Eligibility Report ("Report") ¶ 14 at 4, docket no. 101, filed under seal Apr. 6, 2021. Mr. Mata asserts that he has served approximately 61 months of his sentence. Motion at 1. However, he provides no discussion of or evidence to support this calculation. Whether Mr. Mata has served 52 months or 61 months of his sentence does not affect that he has not demonstrated extraordinary and compelling reasons to warrant compassionate release.

[24] Report ¶ 19 at 5.

[25] *Id*. ¶ 20 at 5.

[26] *Id*. ¶ 21 at 5.

Mr. Mata next argues that the threat of COVID-19 warrants compassionate release.[27] Mr. Mata's age and medical conditions place him in the high-risk category of suffering serious complications or death if he contracts COVID-19.[28] But Mr. Mata has received both doses of the Moderna COVID-19 vaccine.[29] And current CDC guidance states that COVID-19 vaccines are effective at protecting individuals from getting sick, and that fully vaccinated individuals can resume activities without wearing a mask or social distancing.[30] There is also only the potential that Mr. Mata may contract COVID-19 despite being fully vaccinated. This potential exists whether Mr. Mata remains in custody or is granted compassionate release. On this record, the threat of COVID-19 does not constitute an extraordinary and compelling reason to warrant compassionate release.

While not raised as a separate basis for granting compassionate release in his Motion, Mr. Mata asserts that if released, he will reside in Utah with his 80-year-old mother, who is in need of Mr. Mata's assistance for care.[31] In his Reply, Mr. Mata also asserts that he "has the support of his mother, children, and grandchildren[] to assist him in maintaining a productive and crime-free life."[32] However, Mr. Mata provides no information regarding his proposed residence; his mother's physical or mental condition that is not being cared for in his absence; or his potential for employment. Family support is important for reintegration after incarceration. But

---

[27] Motion at 5-12.

[28] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 21, 2021).

[29] *Id*. at 4.

[30] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited June 21, 2021).

[31] Motion at 13.

[32] Response to Government's Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Reply") at 5, docket no. 105, filed June 2, 2021.

this record does not demonstrate the Mr. Mata's family circumstances constitute an extraordinary and compelling reason to warrant compassionate release.

Finally, in his Reply, Mr. Mata raised an additional argument for the existence of extraordinary and compelling reasons to warrant compassionate release.[33] This argument is based on the sentencing amendments that were made as part of the First Step Act. Specifically, Mr. Mata asserts that when he negotiated his plea, the negotiations were against the backdrop of a potential mandatory sentence of at least 205 years of incarceration.[34] However, after the First Step Act, he would have faced a potential of 20 years of incarceration.[35] Mr. Mata argues that the exorbitant potential penalties he faced must also be considered as an extraordinary and compelling reason to warrant compassionate release.

The Tenth Circuit Court of Appeals has held that "the fact a defendant is serving a pre-First Step Act mandatory . . . sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)."[36] Rather, "it can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."[37]

Mr. Mata is not serving a pre-First Step Act mandatory sentence. Rather, he faced the potential for a mandatory sentence. He agreed to plead to a 120-month term of incarceration.[38] This sentence was 27 to 47 months below his guideline range of imprisonment,[39] and is half the

---

[33] Reply at 1-4.

[34] *Id*.

[35] *Id*. at 2

[36] *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021).

[37] *Id*.

[38] Report at 3.

[39] *Id*.

20-year potential sentence he would face post-First Step Act. These circumstances, considered alongside Mr. Mata's other unique circumstances, do not constitute extraordinary and compelling reasons to warrant compassionate release.

Therefore, Mr. Mata fails to demonstrate extraordinary and compelling circumstances to warrant compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting compassionate release**

Even if Mr. Mata's had demonstrated extraordinary and compelling reasons to warrant compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him compassionate release. Mr. Mata was convicted of two counts of Hobbs Act Robbery and one count of Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence.[40] These charges were part of a 17-count indictment in which Mr. Mata was alleged to have robbed 8 businesses while utilizing a handgun over a period of approximately five weeks.[41] Mr. Mata's criminal history is long and has been consistent since age 18. It includes convictions for:

> burglary; simple assault; disorderly conduct; intoxication; possession of a deadly weapon with intent to assault; criminal mischief; theft; possession of a stolen motor vehicle; aggravated robbery; driving on a revoked license; residential burglary; possession/use of a controlled substance; interfering with an officer; attempted absconding; possession of alcohol in a city park; criminal trespass to land; aggravated battery; knowingly damaging property; domestic battery; violating an order of protection; aggravated assault; possession of items prohibited in correctional and mental health facilities; and retail theft.[42]

---

[40] Judgment in a Criminal Case ("Judgment") at 1-2, docket no. 92, filed Sept. 12, 2017.

[41] Presentence Investigation Report ¶¶ 1-13 at 4-6, docket no. 101-1, filed under seal Apr. 6, 2021.

[42] *Id*. ¶¶ 42-68 at 9-18

Mr. Mata's total criminal history score was 19, placing him in criminal history category VI.[43] His guideline range of imprisonment was 147 to 162 months.[44] He was sentenced to 120 months,[45] well below the low end of his guideline range. He was also sentenced to a 60-month term of supervised release.[46]

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Mr. Mata's offenses, the appropriateness of the original 120-month sentence, and the need to protect the public from further crimes weigh heavily against granting compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr. Mata compassionate release.

**Jurisdiction is lacking over Mr. Mata's request for home confinement**

Mr. Mata alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[47] However, the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[48] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[49] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[50] Therefore, jurisdiction is lacking over Mr. Mata's request for home confinement.

---

[43] *Id.* ¶ 71

[44] Report at 3.

[45] Judgment at 3.

[46] *Id.* at 4.

[47] Motion at 13; Reply at 5.

[48] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[49] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[50] 18 U.S.C. § 3621(b).

# ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Mata's Motion[51] is DENIED.

Signed June 22, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[51] Docket no. 99, filed Mar. 25, 2021.